UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| T. DENNY SANFORD, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:15-cv-03832-N-BG |
| v. | § | |
| | § | |
| PERSHING LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
PERSHING'S MOTION TO DISMISS COMPLAINT**

Plaintiff, T. Denny Sanford ("Sanford"), by and through undersigned counsel, files this

Response in Opposition to Pershing's Motion to Dismiss Complaint [D.E. 11].

## I.    INTRODUCTION

Plaintiff T. Denny Sanford filed his Complaint on October 30, 2015 against Pershing for

its participation in a breach of fiduciary duty and for fraud based on Pershing's substantial

assistance in and general awareness of the Stanford Ponzi scheme.  The Complaint was filed in the

United States District Court for the District of New Jersey, [D.E. 1], and was subsequently

transferred to this Court as part of the Stanford Multi-District Litigation.

Plaintiff's claims arise out of his purchase of two certificates of deposit ("CDs") from

Stanford International Bank Limited ("SIBL"), totaling $15 million.  The issuance of the CDs by

SIBL were part of Allen Stanford's Ponzi scheme, and from 2005 through 2008, Pershing provided

material assistance to the Stanford Ponzi scheme, resulting in $7.2 billion in losses to the

investors/victims.  Despite Pershing's grave concerns about the Stanford entities during this time,

Pershing forged ahead with business as usual until Stanford was shut down in February 2009.

Specifically, Plaintiff alleges two counts in the Complaint: 1) Count I for participation in a breach of fiduciary duty; and 2) Count II for common-law fraud.  The statute of limitations on Plaintiff's claims are tolled by *American Pipe* and its progeny based on the class action filed against Defendant in *Turk, et al. v. Pershing LLC,* Case No. 3:09-cv-02199-N (N.D. Tex. Filed Nov. 18, 2009).  As such, Plaintiff's claims are not time-barred, and the Complaint should not be dismissed.[1]

## II.    ARGUMENT

Pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  In considering a Rule 12(b)(6) motion to dismiss "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004)). In order to survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Because this case was filed based on diversity jurisdiction, *see* D.E. 1 at ¶3, the law of the forum state, New Jersey, applies.   *Schum v. Bailey*, 578 F.2d 493, 495 (3d Cir. 1978) (citing *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1940)).  Accordingly, New Jersey's application of *American Pipe*, as well as New Jersey's six-year statute of limitations for fraud and breach of fiduciary duty claims apply to Plaintiff's causes of action.

---

[1] Although Defendant concedes that New Jersey's discovery rule applies to Plaintiff's claim, Motion at 5, the application is unnecessary in light of *American Pipe*.

2

**A.**   ***American Pipe* and *Crown, Cork & Seal* Toll the Statutes of Limitation as a Result of the Class Action Filed Against Pershing In *Turk* On November 18, 2009.**

Defendant argues that Plaintiff's claims against Pershing began to run on February 18, 2009, when the SEC raided and shut down the Stanford Ponzi scheme. Thus, according to Defendant, Plaintiff's claims were barred by February 18, 2015, due to the six-year statute of limitations in New Jersey for fraud and breach of fiduciary duty claims. *See* Motion at 5. However, Plaintiff's claims are tolled by the class action filed against Pershing in *Turk*.[2]

The United States Supreme Court's seminal ruling in *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974) provides that the filing of a class action tolls the statutes of limitation for all putative class members. Expanding *American Pipe,* the *Crown, Cork & Seal Company, Inc. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed 2d 628 (1983) court read the *American Pipe* ruling as "apply[ing] to class members who choose to file separate suits."

New Jersey courts follow the ruling in *American Pipe* and its progeny. In *Leyse v. Bank of Am., Nat. Ass'n*, 538 Fed. Appx. 156, 161 (3d Cir. 2013), the Third Circuit held that the statute of limitations may be tolled during the pendency of a putative class action:

> The Supreme Court has explained that it is "the *commencement* of a class action [that] suspends the applicable statute of limitations as to all asserted members of the class." *American Pipe,* 414 U.S. at 554, 94 S.Ct. 756 (emphasis added); *see also McKowan,* 295 F.3d at 382 ("Under the Supreme Court's decision in *American Pipe* ..., *the filing of a class action complaint* tolls the statute of limitations for all members of the putative class ....") (emphasis added).

*See also McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.*, 295 F.3d 380, 382 (3d Cir. 2002)*; Staub v. Eastman Kodak Co.*, 320 N.J. Super. 34, 726 A.2d 955 (App. Div. 1999)*; Jama v. U.S.I.N.S.*, 343 F. Supp. 2d 338 (D.N.J. 2004) ("Commencement of a class action suspends the applicable statute

---

[2] As of the date of this Response, this Court has not ruled on class certification in *Turk*.

3

of limitations as to all asserted members of the class and tolls the statute of limitations for all putative class members, even those who seek to file separate lawsuits rather than join the class.").

In *Crump v. Passaic County*, 2015 WL 7761064 (D.N.J. 2015), the District Court of New Jersey held that a class action tolls the statute of limitations "so long as later claims share common factual and legal nexus with those brought in prior class action; it is not necessary that claims be identical in every respect." Looking to the Ninth Circuit[3] and Second Circuit,[4] the district court was:

> persuaded that a later claim can be 'substantively identical' to an earlier claim for the purposes of *American Pipe* tolling where the claims 'share a common factual and legal nexus with those brought in the prior class action.' This is consistent with the *American Pipe* decision, which explained that its tolling rule was compatible with the 'functional operation of a statute of limitations' because, once a putative class action is filed, 'the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation.'

*Id*. at *8-9 (internal citations omitted). This holding is consistent with the Supreme Court decisions in *American Pipe* and *Crown, Cork. See Crown, Cork,* 462 U.S. at 355, 103 S.Ct. 2392 ("when a plaintiff invokes *American Pipe* in support of a separate lawsuit, the district court should take care to ensure that the suit raises claims that 'concern the same evidence, memories, and witnesses as the subject matter of the original class suit'") (citing *American Pipe,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974)) (Powell, concurring). Other decisions in the Third Circuit also follow the same line of reasoning in *Crump. See, e.g., In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d 38,

---

[3] "[T]he Ninth Circuit has found 'no persuasive authority for a rule which would require that the [later] suit must be identical in every respect to the [earlier] class suit for the statute to be tolled.' *Tosti v. City of Los Angeles,* 754 F.2d 1485, 1489 (9th Cir.1985). The Ninth Circuit explained that 'such a rule would be illogical' because a defendant has notice as to the nature of the claims against it and is 'alerted to make appropriate investigations' even where the two suits are not identical." *Id*.

[4] The Third Circuit has yet to decide this question, but it has described *American Pipe* tolling as being available where suits are "substantively identical." *Id*. (citing *Community Bank of N. Virginia,* 622 F.3d at 300 n. 17).

4

46 (E.D. Pa. 2007) ("For tolling to apply, claims do not have to be identical but only substantially similar to those brought in the original class action.") (citing *Crown Cork,* 462 U.S. at 355, 103 S.Ct. 2392); *In re Linerboard Antitrust Litig.*, 223 F.R.D. 335, 351 (E.D. Pa. 2004) (citing *In re: Independent Service Org. Antitrust Litig.,* Civil Action No. MDL–1021, 1997 WL 161940, *4 (D. Kan. Mar.12, 1997)) (requiring the allegations of both suits to be identical "would be illogical because one of the primary reasons a member will opt out of a class suit is that she has strong individual claims against the defendant that she believes will not be redressed by the overall class settlement") (citations omitted).

Here, the claim against Pershing for participation in a breach of fiduciary duty was incorporated in both the *Sanford* Complaint and the *Turk* Complaint (Amended on June 18, 2012; D.E. 76).  Although the putative class did not bring a claim against Pershing for fraud in *Turk*, the allegations supporting the fraud count in *Sanford* "share a common factual and legal nexus" with the claims brought in *Turk*.  In fact, both the participation in a breach of fiduciary duty (in *Sanford* and *Turk*) and fraud (in *Sanford*) claims derive from Pershing's knowledge of and participation in Stanford's improper activity, *see Sanford* D.E. 1 at ¶70, 73-79; *Turk* D.E. 76 at ¶104-05, as well as the numerous "red flags."  *See, e.g.*, Sanford D.E. 1 at ¶26; *Turk* D.E. 1 at ¶40.

Accordingly, Pershing's sole argument in its motion, that the statute of limitations has expired on Plaintiff's claims, despite the application of New Jersey's discovery rule, is moot. Plaintiff's claims are tolled by *American Pipe* and its progeny and are not time-barred. Thus, Pershing's Motion to Dismiss should be denied.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Pershing's Motion to Dismiss Complaint.

Dated: January 27, 2016                    Respectfully submitted,

                                           */s/ Michael E. Criden*
                                           Michael E. Criden, Esq.
                                           Lindsey C. Grossman, Esq.
                                           Criden & Love, P.A.
                                           7301 SW 57th Court, Ste. 515
                                           South Miami, FL 33143
                                           Tel.:    305.357.9000
                                           Facs.:  305.357.9050
                                           mcriden@cridenlove.com
                                           lgrossman@cridenlove.com

                                           Scott D. Hirsch, Esq.
                                           Charles E. Scarlett, Esq.
                                           Scarlett & Hirsch, P.A.
                                           7777 Glades Road, Ste. 200
                                           Boca Raton, Florida 33434
                                           Tel.:  561.278.6707
                                           Facs: 561.278.6244
                                           scott@shflalaw.com
                                           charles@shflalaw.com

                                           Robert C. Gilbert, Esq.
                                           KOPELOWITZ OSTROW
                                            FERGUSON WEISELBERG GILBERT
                                           2525 Ponce de Leon Blvd., Suite 625
                                           Coral Gables, Florida 33134
                                           Tel.: (305) 384-7270
                                           Facs.: 954.525.4300
                                           gilbert@kolawyers.com

## CERTIFICATE OF SERVICE

I certify that on January 27, 2016, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.

                                           */s/ Michael E. Criden*
                                           Michael E. Criden, Esq.

6