UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

T. DENNY SANFORD, et al.,          §
                                   §
            Plaintiffs,            §
                                   §       Civil Action No. 3:15-cv-03832-N-BG
v.                                 §
                                   §
PERSHING LLC,                      §
                                   §
            Defendant.             §

## PLAINTIFF'S SUR-REPLY IN RESPONSE TO DEFENDANT'S AMENDED REPLY

Plaintiff, T. Denny Sanford ("Sanford" or "Plaintiff"), by and through undersigned counsel, hereby respectfully files this Sur-Reply in response to new arguments raised in Defendant's Amended Reply in Support of Motion to Dismiss Complaint (the "Amended Reply") [D.E. 14].

### I.    INTRODUCTION.

Plaintiff files this sur-reply to respond to new arguments raised in Pershing's Amended Reply and to correct the record regarding Sanford's claim.[1]  Specifically, Plaintiff argues the following: (1) None of the cases cited by Pershing contain facts wherein a putative class member had been involuntarily *excluded* from the class definition by the filing of an amended complaint as T. Denny Sanford was here; and (2) Sanford was *not* put on inquiry notice of his claims by the filing of the SEC's Receivership Action on February 17, 2009.

---

[1]    Although Pershing may not agree with the points made by Plaintiff herein, it, nevertheless, advised counsel for Plaintiff that it had no objection to Plaintiff seeking leave of court to file this sur-reply.

1

**A. Sanford Did Not Lose the Tolling Benefits of *American Pipe* by Filing His Own Individual Action Because He Was Excluded From the Class as a Result of an Amended Class Definition.**

Pershing argues that Sanford, a putative member of the class in *Turk,* lost the tolling protections of *American Pipe* when he filed his own individual action prior to the court's ruling on the *Turk* motion for certification. Pershing's argument fails for two important reasons.

**1. Sanford Was Involuntarily Excluded From the *Turk* Class.**

First, it was not Sanford who *voluntarily* opted out of the *Turk* class action by filing his individual action in New Jersey District Court. He was left with no choice but to pursue his own relief once the putative class representative in *Turk* unilaterally changed the definition of the class to exclude him in an amended class action complaint filed on May 14, 2010. In other words, Sanford was specifically *excluded* from the amended class definition not by his own doing, but by the action of *Turk* filing an amended class action complaint.

The recent case of *Machesney v. Ramsgate,* 2014 WL 2605479 (E.D. Mich., June 10, 2014), inexplicably not addressed by Pershing in its Amended Reply, explains why this distinction is critical and determinative. After filing her own individual complaint in Michigan district court, Machesney's complaint was dismissed without prejudice to await the disposition of a class action complaint (against the same defendant) then pending in Illinois filed by class representative Zerzen. Zerzen's complaint initially included Machesney as a putative class member, but Zerzen subsequently amended the class definition to exclude her, just as Sanford was excluded here. When Zerzen's class action complaint was ultimately dismissed, Machesney moved the court for permission to refile her own individual complaint against Ramsgate. Ramsgate opposed Machesney's motion, arguing that the applicable limitations period had long expired. It argued further that because the class definition had been amended by Zerzen and ultimately did not include

her, Machesney should not receive the tolling protections of *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1974) from the date Zerzen first filed his class action. The Court disagreed. It ruled that Machesney "reasonably relied upon Zerzen, as class representative, to fully and fairly present her claims (which he ultimately failed to do)." *Machesney,* at *4. When Zerzen amended his complaint to exclude Machesney from the class definition, she had not yet had the opportunity to litigate her claims. *Id.* at *5. Therefore, Machesney was entitled to the benefit of *American Pipe* tolling up until the class definition was changed.

*Machesney* was cited with approval in an opinion that even more clearly supports Sanford's argument herein, and which was also not addressed by Pershing in its Amended Reply. In *Knauf Insulation, GmbH v. Southern Brands, Inc.,* 2015 WL 5334311, *9 (S.D. Ind., September 14, 2015), the court ruled that *American Pipe* tolled the applicable limitations period up until the class definition was changed (emphasis added):

> The question before us is whether the plaintiffs' choice to redefine their class by amending the class action complaint in the *Columbus Drywall* litigation, which dropped SBI from that group, triggered the running of the statute of limitations for SBI and any other former potential class members who were no longer within plaintiffs' class. The parties have not supplied any case law which speaks directly to this issue, and we have found none within our circuit. **However, the cases we have found which address this issue hold that the tolling of the statute of limitations ends when a complaint is amended to redefine a putative class; and the limitations period begins to run again immediately for those potential members excluded from the new class definition**. *See e.g ., Del Sontro v. Cendant Corp.,* 223 F.Supp.2d 563, 581 (D.N.J.2002); *Laydon v. Mizuho Bank, Ltd.,* 2015 WL 1515487, at *4 (S.D.N.Y. Mar.31, 2015); *Machesney v. Ramsgate Ins., Inc.,* 2014 WL 2605479, at *4 (E.D.Mich. June 10, 2014).

As a result of the unilateral actions by *Turk* in amending the class definition, Sanford receives the tolling benefits of *American Pipe* from the date the Turk complaint was filed on November 18, 2009**,** until the class definition was changed by *Turk* on May 14, 2010. Sanford's

claims were filed on October 30, 2015, well within the six-year limitations period which does not expire until May 14, 2016.[2]

The cases cited by Pershing are clearly not applicable because there was no change in the class definition in any of them and the individuals in those factual scenarios filed his/her own individual suit *before* the court ruled on the motion to certify the class.  For example, in *Rahr v. Grant Thornton LLP,* 142 F.Supp.2d 793, 799-800 (N.D. Tex. 2000), Rahr filed his own individual action prior to the court's ruling on the class certification motion even though the class definition had never been amended to exclude him.  The same is true with respect to the other two cases cited by Pershing because neither case contains facts wherein the class definition was amended to exclude prior class members from the class.  In neither *Hubbard v. Corr. Med. Servs, Inc.,* No. 2:04-cv-03412-SDW-MCA, 2008 WL 2945988 at \*7 (D.N.J., July 30, 2008) nor *Thomas v Corr Med. Servs., Inc.,* No. 1:04-cv-03358-NLH-KMW, 2009 WL 737105, at \*4 (D.N.J., Mar. 17, 2009) was the class definition amended to exclude the party who subsequently filed his own individual action.  As a result, Pershing's argument and the cases it cited make no sense since Sanford could not have "forfeited" something that had been unilaterally taken from him, i.e., his inclusion in the *Turk* class definition.[3]

In summary, Sanford was purposely *excluded* from the class definition by *Turk* so he had no choice but to file on his own.  Because it was the fault of *Turk* and not the voluntary act of

---

[2]     This is so because the limitations period did not commence until May 14, 2010, the date Sanford was excluded from the class definition by way of the amended class action complaint.  As a result, the six-year period does not expire until May 14, 2016, nearly two months from now.

[3]     Moreover, although required to do so, Pershing failed to cite to this Court cases that *do* contain facts directly on point here, leaving Plaintiff the obligation to bring such cases to this Court's attention, which it has now done.  *See Machesney* and *Knauf, supra.*

Sanford, the facts in *Rahr, Hubbard* and *Thomas* are entirely dissimilar.  To rule otherwise would be to deprive Sanford of his constitutional right to seek compensation for his financial injuries *through no fault of his own.*

### 2.   The Cases Cited by Pershing Do Not Represent the Recent Trend.

Second, the rationale employed in *Rahr, Hubbard and Thomas* has been discounted by more recent decisions, and for reasons that make far more sense.[4]  For example, the Second Circuit in *in re WorldCom Securities Litigation,* 496 F.3d 245, 256 (2nd Cir. 2007) ruled as follows in rejecting the reasoning employed by the *Rahr* opinion (emphasis added):

> The district court may be correct that its conception of the *American Pipe* rule would reduce the number of individual suits filed by class members. But this is beside the point. While reduction in the number of suits may be an incidental benefit of the *American Pipe* doctrine, it was not the purpose of *American Pipe* either to reduce the number of suits filed, or to force individual plaintiffs to make an early decision whether to proceed by individual suit or rely on a class representative. Nor was the purpose of *American Pipe* to protect the desire of a defendant "not to defend against multiple actions in multiple forums." *Crown,* 462 U.S. at 353, 103 S.Ct. 2392. **The *American Pipe* tolling doctrine was created to protect class members from being *forced* to file individual suits in order to preserve their claims. It was not meant to induce class members to forgo their right to sue individually.**
>
> **We hold that because Appellants were members of a class asserted in a class action complaint, their limitations period was tolled under the doctrine of *American Pipe* <u>until such time as they ceased to be members of the asserted class</u>, notwithstanding that they also filed individual actions prior to the class certification decision (footnote omitted).**

### B.   Sanford Was Not Put On Inquiry Notice by the SEC's Filing On February 17, 2009.

Contrary to the allegation by Pershing at p.6 of its Amended Reply, Sanford was *not* put on notice of his claims by the filing of the SEC's Receivership Action on February 17, 2009.  That

---

[4]      *See In re Hanford Nuclear Reservation Litig.,* 521 F.3d 1028 (9th Cir. 2008); *Boyd v. J.E. Robert Co., Inc.,* 2008 WL 4415253, at \*2 (E.D.N.Y. September 24, 2008); *Howard v. Guitierrez,* 571 F.Supp.2d 145, 155 (D.D.C. 2008).

is so because Pershing was not a defendant or respondent in that action and there was nothing to suggest in the pleadings filed by the SEC that Pershing was liable, in any way, to the victims of the Stanford Ponzi scheme.   Indeed, the SEC secured an affidavit from a Pershing executive, John Ward, to support its motion for injunctive relief.   It is hardly conceivable that the SEC would have approached a Pershing senior executive for an affidavit detailing Pershing's activities and then used it to accuse Pershing of wrongdoing.

The law is clear on this point.  To constitute "storm warnings" for limitations purposes, the facts relied upon to support inquiry notice must rise to a level of more than mere suspicion; they must instead be sufficiently confirmed or substantiated to a point at which the victims are incited to investigate, and the information involved must be such that it relates directly to the misrepresentations and omissions the plaintiffs later allege in their action against the defendants. *In re Enron Corporation Securities, Derivative & "ERISA" Litigation,* 540 F.Supp.2d 800, 831 (S.D. Tex. 2007).[5]   The SEC's filings contained no "storm warnings" with respect to the involvement of Pershing so Sanford was not placed on *any* notice.

Therefore, the time period from February 17, 2009 (filing by the SEC) to November 18, 2009 (filing of the complaint in *Turk*) is excludable since Sanford was not put on inquiry notice until the filing of the federal class action by *Turk* on November 18, 2009.

## II.    CONCLUSION.

The above case law and accurate filing dates make it clear that Plaintiff Sanford was put on inquiry notice for the first time by the filing of the Turk complaint on November 18, 2009.  At that moment, any applicable limitations period did not begin to run because of the application of

---

[5]    Even though *In re Enron* was a federal securities action, the rule of law concerning "inquiry notice" is applicable to the action filed by Sanford.

*American Pipe.*  The tolling, however, ceased on May 14, 2010, when *Turk* filed an amended class action complaint redefining the putative class to exclude Sanford who then filed his own individual action on October 30, 2015.  He had no choice since *Turk* unilaterally ejected him from the definition of the class.  Since the six-year limitations period of fraud did not commence until May 14, 2010 as a result the lack of inquiry notice and the tolling protections provided by *American Pipe,* Sanford had until May 14, 201<u>6</u> within which to file his complaint.  He filed his complaint more than six months prior to the limitations period expiring.

Pershing's Motion to Dismiss should be denied in its entirety.

Dated: March 25, 2016                                   Respectfully submitted,

*/s/ Michael E. Criden*
Michael E. Criden, Esq.
Lindsey C. Grossman, Esq.
Criden & Love, P.A.
7301 SW 57th Court, Ste. 515
South Miami, FL 33143
Tel.:    305.357.9000
Facs.:  305.357.9050
mcriden@cridenlove.com
lgrossman@cridenlove.com

Scott D. Hirsch, Esq.
Charles E. Scarlett, Esq.
Scarlett & Hirsch, P.A.
7777 Glades Road, Ste. 200
Boca Raton, Florida 33434
Tel.:  561.278.6707
Facs: 561.278.6244
scott@shflalaw.com
charles@shflalaw.com

Robert C. Gilbert, Esq.
KOPELOWITZ OSTROW
 FERGUSON WEISELBERG GILBERT
2525 Ponce de Leon Blvd., Suite 625
Coral Gables, Florida 33134
Tel.: (305) 384-7270
Facs.: 954.525.4300

gilbert@kolawyers.com

## CERTIFICATE OF SERVICE

I certify that on March 25, 2016, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.

*/s/ Michael E. Criden*
Michael E. Criden, Esq.

**8**