UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| T. DENNY SANFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-03832-N-BG |
| | § | |
| PERSHING LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REOPEN DISCOVERY**

Plaintiff T. Denny Sanford, through undersigned counsel, submits this Reply in Support of Plaintiff's Motion to Reopen Discovery for Limited Purpose (the "Motion").

On November 15, 2021, Plaintiff filed its Motion to require the production of sworn testimony from related arbitration proceedings against Pershing. Both proceedings resulted in awards for claimants, and one of the proceedings resulted in an award of $2.8 million in punitive damages on top of $2.8 million in compensatory damages. Pershing filed its opposition on December 6, arguing that just because Plaintiff previously deposed the same witnesses, he should not be entitled to see what those witnesses said under oath at an arbitration proceeding that produced an enormous award for punitive damages. *See* Pershing Opposition, D.E. 80 at p. 2-3 ("Opp."). Pershing's self-serving position has no basis in the law and defies common sense.

First, Pershing grotesquely overreads the cases it cites in order to manufacture a more rigorous standard for Plaintiff to address – whether the discovery sought is cumulative – to avoid production of the transcripts.[1] None of these decisions actually turned on the issue of whether the

---

[1] Pershing also argues that Plaintiff "cannot establish that reopening discovery is necessary to prevent him from suffering any prejudice," however, that is not required. Opp. at 3. Plaintiff need only show good cause. *See* Motion at 3.

evidence was cumulative. *See, e.g.*, *Garrity Power Servs. LLC v. Samsung Elecs Co.*, No. 2:20-CV-00269-JRG, 2021 U.S. Dist. LEXIS 183775, at *5 (E.D. Tex. Sept. 24, 2021) (denying motion to compel where plaintiff previously agreed to forego the requested documents before the close of discovery in exchange for other data); *Travelpass Group v. Caesars Entm't Corp.*, No. 5:18-cv-153-RWS-CMC, 2021 U.S. Dist. LEXIS 115174, at *47-48 (E.D. Tex. May 4, 2021) (denying motion to compel filed after discovery deadline where party was not diligent in seeking to compel compliance with a subpoena issued a year earlier); *Caswell v. Fed. Express Corp.*, No. 3:00-CV-1757-L, 2002 U.S. Dist. LEXIS 25017, at *13-14 (N.D. Tex. Dec. 31, 2002) (denying motion to reopen discovery where plaintiff merely asserted that discovery was incomplete, but never even identified what discovery was sought).[2] Plaintiff need only show that the evidence is important, not that it's not cumulative. And the declaration by Pershing's counsel that that he "believe[s] the testimony from these witnesses in *Cagle* and *Ainsworth* is generally consistent with the testimony they gave in Weatherly," though he had not performed "a word for word comparison,"[3] leaves Plaintiff undeterred.[4]

---

[2] Pershing's reliance on *Turner* and *Slaughter* is misplaced as the opinions in both cases are based on 11th Circuit precedent and are otherwise factually distinguishable. *See Turner v. Ga. Sec'y of State*, No. 5:10-CV-187(MTT), 2011 U.S. Dist. LEXIS 108844, *5-6 (M.D. Ga. Sept. 23, 2011) (denying defendants' motion to reopen discovery in connection with defendants' objection to plaintiff's amended complaint); *Slaughter v. Sheet Metal Workers' Local No. 85 Pension Plan*, No. 1:03-CV-3410-WSD, 2006 U.S. Dist. LEXIS 42445, at *32 (N.D. Ga. June 23, 2006) (denying motion to reopen discovery after order denying summary judgment). *Cricket Communications* is likewise inapposite. *Cricket Communications, Inc. v. Hipcricket, Inc.,* C08-00908MJP, 2009 WL 426618, at *1 (W.D. Wash. Feb. 20, 2009) (refusing to permit a supplemental counterclaim because discovery was complete and trial was in less than 3 months).

[3] *See* Declaration of Thomas Farrell, D.E. 80-1, at p. 2.

[4] Even if Pershing's counsel's characterization is accurate, Plaintiff is entitled to see whether all of these witnesses' past sworn statements are consistent. To the extent that any witness has given any prior inconsistent statements, that would be critical material for impeachment purposes at trial. Plaintiff should not be required to just take Pershing's counsel at his word.

Second, Pershing's argument that producing the transcripts would "disrupt the case schedule and *impose significant burdens* on the parties and this Court," is in vain. Opp. at p. 3 (emphasis supplied). Pershing fails to explain what these alleged burdens would be (not surprisingly, as there is no trial date on the calendar). Worse yet, this argument does not align with Pershing's position that the transcripts are cumulative. Assuming the testimony is cumulative, Pershing has already had the opportunity to address any argument Plaintiff could raise in opposition to its summary judgment motion and pretrial filings. Clearly, no real burden exists.

Lastly, Pershing's argument that the case will be disposed of on a statute of limitations defense falls short. *See* Opp. at 7. Pershing raised the same argument in its motion to dismiss, which was denied. This Court has already acknowledged that there is a genuine question as to when the statute of limitations began to run. Thus, Pershing's attempt to lead this Court into error is improper.

Based on the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's motion and reopen discovery to require Pershing to produce the complete hearing transcripts in *Ainsworth* and *Cagle* for consideration in connection with Pershing's motion for summary judgment.

Dated: December 13, 2021                    Respectfully submitted,

                                            */s/Michael E. Criden*
                                            Michael E. Criden
                                            Lindsey C. Grossman
                                            CRIDEN & LOVE, P.A.
                                            7301 SW 57th Court
                                            Suite 515
                                            South Miami, FL 33143
                                            (305) 357-9000

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2021, a copy of the foregoing document was filed in

3

the United States District Court for the Northern District of Texas via the Court's electronic filing system and that this document has been sent to all counsel of record via the Court's electronic filing system.

/s/Michael E. Criden
Michael E. Criden